UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO.: 2:18-cr-49-FtM-38NPM

GREGORY THOMAS APICELLA

## OPINION AND ORDER[1]

Before the Court is pro se Defendant Gregory Apicella's Motion for Compassionate Release (Doc. 159; Doc. 161) and the Government's response in opposition (Doc. 163). For the below reasons, the Court denies the motion.

Last year, the Court sentenced Apicella to 292 months' imprisonment for fentanyl drug crimes. (Doc. 111). He is incarcerated at Coleman Low FCI and projected to be released on November 26, 2038. But Apicella wants out now. He moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) arguing that his health and poor prison conditions make him a high risk if he contracts COVID-19. The Government opposes Apicella's early release because (1) he has not exhausted his administrative remedies; (2) he has not provided any "extraordinary and compelling reason"; and (3) the 18 U.S.C. § 3553(a) factors weigh against any sentence reduction.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

A court lacks the inherent authority to reduce a previously imposed sentence. See *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002). So a defendant's request for a reduced sentence must be tied to a statute or rule permitting it. Here, Apicella relies on the compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A) and must establish that such release is warranted. See *United States v. Heromin*, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

A court may reduce a term of imprisonment for compassionate release upon finding "extraordinary and compelling reasons," consistent with policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Pertinent here, examples of qualifying extraordinary and compelling reasons include a defendant suffering a terminal illness or a serious medical condition that substantially diminishes his ability to provide self-care in prison and from which he is not expected to recover. See U.S.S.G. § 1B1.13 cmt. (n.1).

Even if an extraordinary and compelling reason exists, a court should only grant a motion for release if it determines the defendant is not a danger to the safety of any other person or to the community. *Id.* § 1B1.13(2). The court must also consider whether the 18 U.S.C. § 3553(a) factors favor release. See 18 U.S.C. § 3582(c)(1)(A).

After reviewing the parties' arguments, record, and applicable law, the Court denies Apicella compassionate release for three reasons. To start, he

has not exhausted his administrative remedies. A court may consider a defendant's compassionate release request either

> upon motion of the Director of the Bureau of Prisons[("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

*Id.* § 3582(1)(A).

An inmate may appeal the warden's compassionate-release denial through the BOP's administrative remedies program. 28 C.F.R § 571.63(a). But only a denial by the BOP's director or general counsel constitutes a "final administrative decision." *See* 28 C.F.R. § 571.63(b), (d). A defendant thus has not exhausted his administrative remedies under § 3582(c)(1)(A) without that final administrative decision. Here, although the Warden of Coleman Low FCI denied Apicella's compassionate release request, Apicella has not appealed that decision. (Doc. 163-1). He thus has not exhausted his administrative remedies for the Court to entertain his instant motion.

Even if Apicella exhausted his administrative remedies, his cancer in remission and hypertension are not extraordinary and compelling reasons to grant release. (Doc. 159 at 3). His BOP medical records support this finding.[2]

---

[2] Apicella has also moves requests a stay and for judicial notice, which the Court denies. (Doc. 160). He asks to stay its decision on his compassionate release until he can get his BOP medical records. The Court need not do so because the Government has provided the records,

(Doc. 166). Neither medical ailment is terminal nor renders him incapable of providing self-care while in prison. Indeed, there is no evidence that Apicella's cancer has returned and he receives daily hypertension medication. Apicella also has twice tested negative for COVID-19 in the last two months. (Doc. 166 at 1). The record thus shows Apicella's primary medical needs are being met and he is being protected from COVID-19 infection.

Even if Apicella could show an extraordinary and compelling reason to warrant compassionate release, the Court will not release him because he is a danger to the community and others' safety and the applicable § 3553(a) factors weigh against his release. *See* U.S.S.G. §1B1.13(2) (allowing a court to reduce a term of imprisonment if the defendant is not a danger to the safety of any other person or to the community); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring a court to consider the applicable § 3553(a) factors in assessing compassionate release).

Apicella was convicted for three counts of possessing with the intent to distribute and distribution of fentanyl and methamphetamine—one count involved the death of another person. The seriousness of any offense that caused another person's death cannot be overstated. It deserves punishment

---

and the Court has reviewed them in a light most favorable to Apicella. Apicella also asks the Court to take judicial notice of a memorandum from the United States Probation Office in the Western District of New York about the prison conditions at Coleman Low FCI. But the Court was not provided with the memorandum to do so.

of considerable length—not just a few years. Apicella has served less than three years of his twenty-four plus year sentence. Such a short period of incarceration weighs strongly against Apicella's early release because it does not reflect the seriousness of his crimes, promote a respect for the law (or human life), and protect the public from his future crimes. What is more, Apicella scored the highest criminal history category under the Sentencing Guidelines based on his career offender status. A reduced sentence will not deter him from future criminal conduct, especially given his longtime addictions and run-ins with the law.[3] For all the reasons above, the Court denies Apicella compassionate release.

Accordingly, it is now **ORDERED:**

(1) Defendant Gregory Apicella's Motion for Compassionate Release (Doc. 159) is **DENIED**.

(2) Apicella's Motion for Judicial Notice and Request for Stay (Doc. 160) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on December 10, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

---

[3] The Court also recognizes that Apicella's early release would infringe on his victim's right to reasonable protection under the Crime Victims' Rights Act. See 18 U.S.C. § 3771(a)(1). The Government has communicated with identified family member(s) of Apicella's victim and they object to compassionate release. (Doc. 163 at 10).